UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on December 16, 2025

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| DEQUAN SIMPSON and | : | 18 U.S.C. §§ 2119(1), 2 |
| JAYVAUN BROWN | : | (Carjacking, and Aiding and Abetting) |
| | : | |
| Defendants. | : | 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 |
| | : | (Using, Carrying, and Brandishing a |
| | : | Firearm During and in Relation to a Crime |
| | : | of Violence, and Aiding and Abetting) |
| | : | |
| | : | 18 U.S.C. §§ 1951, 2 |
| | : | (Interference with Interstate Commerce by |
| | : | Robbery, and Aiding and Abetting) |
| | : | |
| | : | 22 D.C. Code § 402 |
| | : | (Assault with a Dangerous Weapon) |
| | : | |
| | : | 22 D.C. Code § 4504(b) |
| | : | (Possession of a Firearm During a Crime of |
| | : | Violence or Dangerous Offense) |
| | : | |
| | : | 18 U.S.C. §§ 2119(2), 2 |
| | : | (Carjacking Resulting in Serious Bodily |
| | : | Injury, and Aiding and Abetting) |
| | : | |
| | : | 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), 2 |
| | : | (Using, Carrying, Brandishing, and |
| | : | Discharging a Firearm During and in |
| | : | Relation to a Crime of Violence, and Aiding |
| | : | and Abetting) |
| | : | |
| | : | 18 U.S.C. §§ 2312, 2 |
| | : | (Interstate Transportation of a Stolen |
| | : | Vehicle, and Aiding and Abetting) |
| | : | |
| | : | 18 U.S.C. §§ 2313, 2 |
| | : | (Possession, Sale, or Receipt of a Stolen |

:    **Vehicle, and Aiding and Abetting)**
:
:    **50 D.C. Code § 2201.05b(b)(2)**
:    **22 D.C. Code § 1328(a)(1)**
:    **(Fleeing a Law Enforcement Officer, and**
:    **Offenses Committed During Release)**
:
:    **FORFEITURE: 18 U.S.C. §§ 924(d) and**
:    **981(a)(1)(C), 21 U.S.C. §§ 853(a) and (p),**
:    **and 28 U.S.C. § 2461(c)**

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about March 4, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury took a motor vehicle, that is, a 2014 Toyota Corolla, that had been transported, shipped, and received in interstate and foreign commerce, from the person or presence of K.T., by force, violence, and intimidation, with the intent to cause death or serious bodily harm.

**(Carjacking, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 2119(1) and 2).

## COUNT TWO

On or about March 4, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully and knowingly use, carry, and brandish, a firearm, during and in relation to, and in furtherance of, a crime of violence, for which they may be prosecuted in a court of the United States, that is, Carjacking, as charged in Count One of this Indictment, which is incorporated herein.

**(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2).

2

## COUNT THREE

On or about March 4, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of a food delivery and money from Pizza Boli's, a business located at 3524 12th Street NE, Washington, DC, from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Pizza Boli's, a business that was engaged in and that affects interstate commerce.

> **(Interference with Interstate Commerce by Robbery, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1951 and 2).

## COUNT FOUR

On or about March 4, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully and knowingly use, carry, and brandish, a firearm, during and in relation to, and in furtherance of, a crime of violence, for which they may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery, as charged in Count Three of this Indictment, which is incorporated herein.

> **(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2).

3

## COUNT FIVE

On or about March 4, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury assaulted J.N. with a dangerous weapon, that is, a firearm or imitation thereof.

(**Assault with a Dangerous Weapon**, in violation of Title 22, District of Columbia Code, Section 402).

## COUNT SIX

On or about March 4, 2026, in the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury did possess a firearm or imitation thereof while committing the crime of Assault with a Dangerous Weapon as set forth in Count Five of this Indictment.

(**Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of Title 22, District of Columbia Code, Section 4504(b)).

## COUNT SEVEN

On or about March 6, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury took a motor vehicle, that is, a 2009 Infiniti G37X, that had been transported, shipped, and received in interstate and foreign commerce, from the person or presence of M.C., by force, violence, and intimidation, with the intent to cause death or serious bodily harm, resulting in serious bodily injury that caused a substantial risk of death, extreme physical pain, and protracted and obvious disfigurement.

(**Carjacking Resulting in Serious Bodily Injury, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 2119(2) and 2).

## COUNT EIGHT

On or about March 6, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully and knowingly use, carry, brandish, and discharge a firearm, during and in relation to, and in furtherance of, a crime of

4

violence, for which they may be prosecuted in a court of the United States, that is, Carjacking Resulting in Serious Bodily Injury, as charged in Count Seven of this Indictment, which is incorporated herein.

**(Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), (iii) and 2).

## COUNT NINE

On or about March 6, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of haircutting equipment, supplies, and money from M.C., a barber, from the presence of M.C., and against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while M.C. was engaged in commercial activities as a barber that affects interstate commerce.

**(Interference with Interstate Commerce by Robbery, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1951 and 2).

## COUNT TEN

On or about March 6, 2026, within the District of Columbia and elsewhere, **DEQUAN SIMPSON** and an individual known to the Grand Jury did unlawfully and knowingly use, carry, brandish, and discharge a firearm, during and in relation to, and in furtherance of, a crime of violence, for which they may be prosecuted in a court of the United States, that is, Interference

5

with Interstate Commerce by Robbery, as charged in Count Nine of this Indictment, which is incorporated herein.

**(Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), (iii) and 2).

### COUNT ELEVEN

Between on or about March 6, 2026 and on or about March 9, 2026, in the District of Columbia and elsewhere, **DEQUAN SIMPSON, JAYVAUN BROWN**, and an individual known to the Grand Jury did knowingly transport in interstate and foreign commerce a motor vehicle, that is, a 2009 Infiniti G37X, from the District of Columbia to the State of Maryland, and from the State of Maryland to the District of Columbia, knowing the same to have been stolen.

**(Interstate Transportation of a Stolen Vehicle, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 2312 and 2).

### COUNT TWELVE

Between on or about March 6, 2026 and on or about March 9, 2026, in the District of Columbia and elsewhere, **DEQUAN SIMPSON, JAYVAUN BROWN**, and an individual known to the Grand Jury did receive, possess, store, sell, and dispose of a stolen motor vehicle, that is, a 2009 Infiniti G37X, which had been stolen on March 6, 2026, in the District of Columbia, and subsequently brought it into the State of Maryland, and subsequently brought it back into the District of Columbia, knowing the same to be stolen.

**(Possession, Sale, or Receipt of a Stolen Vehicle, and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 2313 and 2).

### COUNT THIRTEEN

Between on or about March 6, 2026 and on or about March 9, 2026, in the District of Columbia and elsewhere, **DEQUAN SIMPSON, JAYVAUN BROWN**, and an individual known to the Grand Jury, while operating a motor vehicle, did knowingly fail and refuse to bring that

motor vehicle to an immediate stop, and did attempt to elude a law enforcement officer, following a law enforcement officer's signal to bring the motor vehicle to a stop and operated the motor vehicle in a manner that would constitute reckless driving.

*The Grand Jury Further Charges* that at the time the crime set forth in this Count was committed, **JAYVAUN BROWN** was on release pursuant to the provisions of Title 23 of the District of Columbia Code in Superior Court Case Numbers 2025 CF2 006514 and 2025 CF3 006523.

> **(Fleeing a Law Enforcement Officer, and Offenses Committed During Release**, in violation of Title 50, District of Columbia Code, Section 2201.05b(b)(2), and Title 22, District of Columbia Code, Section 1328(a)(1)).

## FORFEITURE ALLEGATION

1.      Upon conviction of the offenses alleged in Counts 1, 3, 7, and 9 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

2.      Upon conviction of the offenses alleged in Counts 1, 3, 7, and 9 of this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

7

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be subdivided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c)).

A TRUE BILL:


FOREPERSON.


Jeanine Ferris Pirro
United States Attorney


By: _____
Gauri Gopal
Assistant United States Attorney

8